## McRae et al. vs. Rogers.

CHANCERY PRACTICE. *When a bill should be dismissed absolutely, and not "without prejudice."*

Where a cause in equity is tried on bill, answer, exhibits and evidence, and the court finds the evidence insufficient to sustain the case, the bill should be dismissed absolutely, so as to bar another suit, and a decree dismissing it without prejudice will be reversed and a final decree entered by this court.

APPEAL from *White* Circuit Court in chancery.

Hon. JOHN WHYTOCK, Circuit Judge.

*B. D. Turner* for appellant.

The bill should have been dismissed absolutely. It is not within the cases where a bill may be "dismissed without prejudice." Code, sec. 402. Nor was it proper by any rule of practice.

*Gallagher & Newton* for appellee.

The dismissal of a suit without prejudice is a matter within the discretion of the court. The authorities are meagre, but the following are cited in argument. Danl. Ch. Pr., vol. 1, p. 335–36, etc., and vol. 2, 1200 ; *Anthony* v. *Peay et al.*, 18 Ark., p. 24 ; *Eddins* v. *Buck*, 23 Ark., 509 ; 7 Blackf. Illinois, 541.

WALKER, J.:

Rogers brought his suit in chancery against McRae and others, to the March term, 1866, of White County Circuit Court. The defendants answered and reserved the question of the sufficiency of the bill, by way of demurrer, replication was filed, evidence taken, and the case submitted, and heard upon the pleadings and evidence at the November term of the court, 1868, and taken under advisement by the court until the April term, 1869, at which term the court sustained the demurrer to the bill, and gave the plaintiff leave to amend his bill; an amended bill was filed and answered, and at the November term, 1869, the case

was set for trial, and heard upon bill, answer, exhibits and depositions, and again taken under advisement until the April term, 1870, at which time the court found that the evidence did not sustain the allegations of the bill, and decreed that the same be dismissed, at the cost of plaintiff, but without prejudice.

The defendant, McRae, appealed upon the sole ground that the decree should have been absolute and final, and not, without prejudice; the effect of which was after submission and trial upon the merits of the case, to permit the plaintiff at a future time to re-open the issue and try the case again.

Plaintiffs, whether in law or in equity, (unless in cases of cross actions), have a right to take a non-suit, or dismiss their suits at any time before final submission; and in chancery cases, after submission, if the chancellor should find cause for equitable relief, which must fail from a mistake in the pleading, or defect in the proof, or want of parties, it is the practice to dismiss the bill without prejudice, so as to enable the plaintiff to obtain the relief to which, but for such neglect, oversight, or want of party, or other like cause, he would be entitled.

Daniel, in his work on chancery pleading and practice, at page 1199, vol. 2, says: " When a decree does not reserve the consideration of the points of equity arising upon the determination of the legal rights of the parties, or of the further directions consequent upon the master's report, or the costs of the suit, it is said to be a final decree, and may be pleaded in bar of any new bill for the same matter.   Of this nature is a decree dismissing the plaintiff's bill, which, as we have seen, may be pleaded to any new suit, unless accompanied with a direction that the dismissal is to be without prejudice to the plaintiff's right to file another bill, and that directions of this sort, are inserted when the dismissal is occasioned by any slip, or mistake in the pleading, or in the proof.   Thus, where a bill was dismissed for want

of parties, it was expressed to be without prejudice; and so when a bill was dismissed in consequence of facts not having been properly put in issue, the bill should be dismissed without prejudice.

By a recent statute, Gantt's Dig., sec. 4638, the practice with regard to dismissing bills, with or without prejudice, is prescribed and limited, but as this case was commenced before the code practice took effect, it will be considered and determined by the rules of practice in force at the time the suit was commenced.

Turning to the facts of this case, we find that the case had been twice submitted for hearing, that after the first submission the bill was amended, and finally submitted upon the pleadings as amended, exhibits and the evidence; upon consideration of which, the court found that the evidence was not sufficient to sustain the allegations, and decreed that the bill be dismissed. There is nothing from the state of the pleadings, or from the evidence, by which we may presume that there was any mistake oversights or omission either in the pleading or the evidence, which by amendment would make for the plaintiffs a better case.

In consideration of the whole case, the time and opportunities given to the plaintiff to present his case fully, and in the absence of any facts from which we may infer that if permitted to do so, he could make a better case, we must hold that the court below erred in refusing to render a final decree in the case.

Let the same be entered in this court with costs.